UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RUSSELL JENKINS,<br><br>    Plaintiff(s),<br><br>v.<br><br>JAMES RIVER INSURANCE COMPANY,<br><br>    Defendant(s). | Case No. 2:21-cv-01969-JCM-NJK<br><br>**Order**<br><br>[Docket Nos. 12, 13] |

Pending before the Court is Defendant's motion to enforce settlement, as well as Defendant's motion to stay discovery pending resolution of the motion to enforce settlement. Docket Nos. 12, 13.  For the reasons discussed more fully below, both motions are **DENIED** without prejudice.

Defendant contends that a settlement agreement was executed prior to initiation of this lawsuit which precludes Plaintiff's claims.  *See* Docket No. 12 at 3 (identifying release executed on June 10, 2021, and Plaintiff's initiation of this lawsuit on July 21, 2021).  Defendant has not explained why such argument is properly presented through a motion to enforce settlement, which is generally a vehicle to enforce the terms of a settlement reached *during* the course of litigation. *Cf. In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994) ("the trial court has power to summarily enforce on motion a settlement agreement *entered into by the litigants while the litigation is pending before it*" (emphasis added)).  Arguments that a claim is precluded by a settlement agreement that predates the litigation is generally raised through a motion to dismiss (Rule 12(b)(6)), motion for judgment on the pleadings (Rule 12(c)), or motion for summary judgment (Rule 56(a)).  *See, e.g.*, *Skilstaf, Inc. v. SVS Caremark Corp.*, 669 F.3d 1005, 1008 (9th

Cir. 2012) (affirming dismissal under Rule 12(b)(6)).[1]  Such distinction may be significant for a variety of reasons, including that different motions are subject to different standards.

Accordingly, the motion to enforce settlement is **DENIED** without prejudice.  To the extent Defendant renews its request for relief in the form of a motion to enforce settlement, such motion must include meaningful explanation as to why that is the proper vehicle to seek relief.  Because the Court is denying the motion to enforce settlement without prejudice, the motion to stay discovery is likewise **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: February 10, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] Although Defendant fashions the motion as seeking enforcement of a settlement agreement, the motion itself is asking that the complaint "be dismissed with prejudice."  Docket No. 12 at 6.

2