UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| RUSSELL JENKINS, | Case No. 2:21-CV-1969 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| JAMES RIVER INSURANCE COMPANY, | |
| Defendant(s). | |

Presently before the court is defendant James River Insurance Company's ("defendant") motion for summary judgment. (ECF No. 16). Plaintiff Russell Jenkins ("plaintiff") responded. (ECF No. 26). Defendant replied. (ECF No. 27).

## I. BACKGROUND

On November 8, 2018, plaintiff was riding in a ride-share vehicle that was struck by a third party (the "accident"). (ECF No. 16 at 5). The third party fled the scene. (*Id.*). Plaintiff suffered injuries from the accident. (*Id.*). Plaintiff maintained an uninsured/underinsured insurance policy ("UM/UIM policy") with defendant and subsequently filed a claim. (*Id.*).

After lengthy negotiations, plaintiff and defendant settled the claim. (ECF No. 26); *see* discussion *infra* section III.a.2. Defendant requested a release in exchange for the settlement (the "release"). (ECF No. 26 at 20). Plaintiff signed the release but avers it is invalid or unenforceable. (*See* ECF No. 26). Plaintiff brought this action pursuant to dispute over the claim settlement. (ECF No. 1-2). Defendant brings the instant motion arguing plaintiff is precluded from bringing this action pursuant to the release. (ECF No. 16).

**James C. Mahan**
**U.S. District Judge**

The following facts are undisputed:

1. On November 8, 2018, plaintiff was involved in the accident (ECF Nos. 16 at 6; 26, at 5);

2. The accident was caused by a driver who fled the scene and was never identified (ECF Nos. 16 at 7; 26 at 5);

3. Plaintiff contends he was injured as a result of the accident (ECF Nos. 16 at 7; 26 at 5);

4. Plaintiff was treated for his injuries arising from the accident (ECF Nos. 16 at 7; 26 at 6);

5. Since the driver who caused the accident fled the scene, plaintiff submitted a UM/UIM claim to defendant (ECF Nos. 16 at 7; 26 at 6);

6. A check for $95,000 was tendered to plaintiff's counsel's office, the receipt of which was confirmed by counsel's employee (ECF Nos. 16-2 at 2; 26 at 9); and

7. Plaintiff executed the release (ECF Nos. 16 at 4).

## II. LEGAL STANDARD

Summary judgment is proper when the record shows that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The purpose of summary judgment is "to isolate and dispose of factually unsupported claims or defenses," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986), and to avoid unnecessary trials on undisputed facts. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

When the moving party bears the burden of proof on a claim or defense, it must produce evidence "which would entitle it to a directed verdict if the evidence went uncontroverted at trial." C.*A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proof on a claim or defense, the moving party must "either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not

James C. Mahan
U.S. District Judge

- 2 -

have enough evidence of an essential element to carry its ultimate burden of [proof] at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).

If the moving party satisfies its initial burden, the burden then shifts to the party opposing summary judgment to establish a genuine issue of material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable factfinder could find for the nonmoving party, and a fact is "material" if it could affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

The opposing party does not have to conclusively establish an issue of material fact in its favor. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). But it must go beyond the pleadings and designate "specific facts" in the evidentiary record that show "there is a genuine issue for trial." *Celotex*, 477 U.S. at 324. In other words, the opposing party must show that a judge or jury is required to resolve the parties' differing versions of the truth. *T.W. Elec. Serv.*, 809 F.2d at 630.

The court must view all facts and draw all inferences in the light most favorable to the nonmoving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990); *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The court's role is not to weigh the evidence but to determine whether a genuine dispute exists for trial. *Anderson*, 477 U.S. at 249. Cross-motions for summary judgment must each be considered on their own merits. *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).

### III.     DISCUSSION

At the heart of the instant motion is a dispute over whether the release signed by plaintiff as part of its claim settlement is a valid and enforceable contract. If the release is valid and

James C. Mahan
U.S. District Judge

- 3 -

enforceable, defendant contends it prohibits plaintiff from bringing any of the claims in this case. (ECF No. 16 at 9).  Thus, as an initial matter, the court determines whether there is a genuine issue of material fact regarding the release.

### a. The Release

#### 1. Nevada Contract Law

In Nevada, a settlement agreement (e.g., release) is subject to the principles of contract law.  *May v. Anderson*, 119 P.3d 1254, 1257 (Nev. 2005).  The Supreme Court of Nevada has contemplated contract law as follows:

> Basic contract principles require, for an enforceable contract, an offer and acceptance, meeting of the minds, and consideration.  With respect to contract formation, preliminary negotiations do not constitute a binding contract unless the parties have agreed to all material terms.  A valid contract cannot exist when material terms are lacking or are insufficiently certain and definite.  A contract can be formed, however, when the parties have agreed to the material terms, even though the contract's exact language is not finalized until later.  In the case of a settlement agreement, a court cannot compel compliance when material terms remain uncertain.  The court must be able to ascertain what is required of the respective parties.

*Id.* (citations omitted).

"There is little doubt that release terms are generally thought to be material to any settlement agreement."  *Id.* at 1257–68.  Nevada courts do not recognize a settlement agreement as enforceable "when the parties have not agreed to the essential terms of the release."  *Id.* at 1258.

#### 2. Analysis

Here, defendant contends it tendered a check for $95,000 to plaintiff, which plaintiff accepted, as valuable consideration to settle plaintiff's claim and release defendant from any future proceedings related to the claim.  (ECF Nos. 16-2 at 2; 26 at 9).  Defendant offered "$95,000 in full satisfaction of Mr. Jenkins' claim."  (ECF No. 26 at 15).  Plaintiff accepted

James C. Mahan
U.S. District Judge

- 4 -

defendant's "offer of $95,000.00 as full and final settlement" of the claim. (ECF No. 26 at 18). This exchange demonstrates (1) offer and acceptance, (2) consideration, and (3) a meeting of the minds. *See Anderson*, 119 P.3d at 1257. Thus, plaintiff's claim is settled.

Defendant, prior to remitting payment of the $95,000, however, requested plaintiff sign a release and sent same to his counsel. (ECF No. 26 at 20). Plaintiff's counsel refused. *See* ECF No. 26 at 30–31). The parties disputed whether defendant is entitled to a release via several correspondences. (ECF No. 26). In support of its argument, defendant asserts it is entitled to the release under the UM/UIM policy pursuant to Nevada Administrative Code ("NAC") § 686A.660(5). (ECF No. 26 at 3). This statute provides "[n]o insurer may request a first-party claimant to sign a release which *extends beyond the condition or occurrence which gave rise to the claim payment*." *See* NAC § 686A.660(5) (emphasis added).

Conversely, plaintiff contends the $95,000 payment was pursuant only to the existing UM/UIM policy—not as consideration for the release—because the release "extends beyond the condition or occurrence of which gave rise to the claim payment." *See* NAC § 686A.660(5); (ECF No. 26 at 3).

Though plaintiff eventually provided a notarized signature for the release, and accepted the $95,000, he claimed his signature was provided under duress. (ECF No. 26 at 6). He avers he was "in dire straits" and needed payment promptly. (ECF No. 26 at 36).

Defendant also requested plaintiff's counsel acknowledge the confidentiality and disparagement provisions, to which she responded, "I acknowledge that that release your insured was forced to sign in order to obtain any portion of his benefits contains confidentiality and non-disparagement provisions." (ECF No. 26 at 51). Defendant's counsel was not authorized to

**James C. Mahan**
**U.S. District Judge**

- 5 -

release the check pursuant to that "acknowledgement," which plaintiff's counsel now argues was an express rejection invalidating the release. (ECF No. 26 at 9, 50).

Thus, plaintiff's position can be distilled to four primary arguments: (i) defendant is not entitled to the release under Nevada law, (ii) there was no consideration for the release, (iii) plaintiff was under duress when he signed the contract, and (iv) defendant rejected the release.

The court addresses each in turn.

### i.  Defendant is not entitled to the release under NAC § 686A.660(5)

Plaintiff rejects defendant's argument that NAC § 686A.660(5) entitles defendant to a release under the UM/UIM policy. However, plaintiff does not go much farther beyond that. Defendant requested plaintiff provide basis for the rejection of this argument, but plaintiff did not. (*See* ECF No. 26 at 40). The court finds the language of NAC § 686A.660(5) clear: as long as the release does not require forfeiture of potential causes of action beyond those relevant to the primary claim and accident giving rise thereto, an insurance company is entitled to that release as part of settling the claim under the policy.

Here, the release expressly states that the only forfeiture of rights is for those arising out of "the Claim," which is limited to the events giving rise to the insurance/settlement payment. *See* ECF No. 26 at 21–22. This is compliant with the language of NAC § 686A.660(5).

The court finds there is no genuine issue of material fact under NAC § 686A.660(5), and that defendant is entitled to a release.

### ii.  There was no additional consideration for the release

Plaintiff contends the $95,000 payment was solely for its claim under the UM/UIM policy, and the release required additional consideration. (ECF No. 26 at 2–3). Thus, plaintiff

**James C. Mahan**
**U.S. District Judge**

- 6 -

asserts that because there was no additional consideration, there is no valid release. This is unpersuasive.

NAC § 686A.660(5) entitles defendant to a release pursuant to the policy. *See* discussion *supra* section III.a.2.i. No additional consideration is necessary to support the release.

The court finds there is no genuine issue of material fact as to whether the release is supported by consideration.

### iii. Plaintiff was under duress when he signed the contract

Plaintiff avers he "encountered financial stressors and it was critical for him" to receive the $95,000 promptly. (ECF No. 26 at 4). His argument is entirely unpersuasive. Not only was the "duress" he was under avoidable via other means (i.e., plaintiff securing a loan to pay his debts, which he did), but defendant was not the cause of the financial stressors plaintiff allegedly endured. (ECF No. 26 at 5). Even if defendant was wrongfully withholding payment from plaintiff, plaintiff did not allege defendant's actions caused the alleged financial stressors.

The court finds there is no genuine issue of material fact relevant to duress, and plaintiff's duress defense fails.

### iv. Defendant rejected the release

Finally, plaintiff avers defendant rejected the release when counsel refused to sign or acknowledge portions of it. (ECF No. 26 at 9). Plaintiff cites to caselaw stating an established doctrine of contract law: rejecting an offer necessarily terminates the offer. (*Id.*) (citing *Pravorne v. McLeod*, 383 P2d 855, 855 (Nev. 1963)). However, there was no rejection. Defendant's counsel simply noted he was not authorized to release payment until plaintiff's counsel expressly acknowledged two provisions of the release. (ECF No. 26 at 50). Counsel stating he lacks authorization from his client does not amount to a rejection of a signed release.

James C. Mahan
U.S. District Judge

- 7 -

The court finds there is no genuine issue of material fact relevant defendant's acceptance of the signed release.

Thus, the court finds the release at issue is valid and enforceable.

### b. Causes of Action

The court now turns to plaintiff's three causes of action: (1) breach of contract, (2) breach of covenant of good faith and fair dealing, and (3) unfair claims practices.  (ECF No. 1-2).

Each of these causes of action arise out of the claim plaintiff filed pursuant to his UM/UIM policy.  In the release, plaintiff forfeited his right to bring these causes of action.  (*See* ECF No. 26 at 22).

## IV.   CONCLUSION

Accordingly,

It is HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for summary judgment (ECF No. 16) is GRANTED.

The clerk of the court is hereby instructed to close this case.

DATED September 30, 2022

*[signature]*
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 8 -